**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| SHARON SHIBATA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| ACCREDITED MANAGEMENT | ) |
| SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, SHARON SHIBATA ("Plaintiff"), by and through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, ACCREDITED MANAGEMENT SOLUTIONS, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Colorado Fair Debt Collection Practices Act, COL. STATS. § 5-16-101, et seq. ("CFDCPA").

**JURISDICTION AND VENUE**

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

7. Plaintiff is a natural person residing in the City of Lafayette, Boulder County, State of Colorado.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. Plaintiff is a consumer as that term is defined by COL. STATS. § 5-16-103(5).

12. Plaintiff allegedly owes a debt as that term is defined by COL. STATS. § 5-16-103(8).

13. Defendant is a collection agency as that term is defined by COL. STATS. § 5-16-103(3).

14. Defendant is a debt collector as that term is defined by COL. STATS. § 5-16-103(9).

15. Defendant is a debt buyer as that term is defined by COL. STATS. § 5-16-103(8.5).

16. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

17. Defendant is a New York limited liability company and collection agency based in the Hamlet of East Amherst, Erie County, State of New York.

18. Defendant is engaged in the collection of debt within the State of Colorado.

19. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

20. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

21. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

22. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties or delinquent or defaulted debts it purchased.

23. During the course of its attempts to collect debts allegedly owed to third parties or delinquent or defaulted debts it purchased, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

24. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTS**

25. Defendant is attempting to collect a consumer debt from Plaintiff, which is allegedly owed by Plaintiff arising from an automobile loan deficiency balance.

26. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

27. Defendant assigned the alleged debt an "AMS Internal File Number" of "U-6482173".

28. In or around February 2020, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

29. Defendant calls Plaintiff on her cellular telephone at 719-338-1347 in an attempt to collect the alleged debt.

30. In connection with the above-referenced collection calls, Defendant also leaves voicemail

    messages for Plaintiff.

31. With regard to the above-referenced voicemail messages:

    a. Defendant's collectors failed to disclose that the calls were coming from Accredited Management Solutions, LLC;

    b. Defendant's collectors failed to disclose that the calls were made in an attempt to collect a debt and that any information obtained will be used for that purpose;

    c. Defendant's collectors threatened legal action against Plaintiff; and

    d. Defendant's collectors gave the callback number of 888-878-7973—which is one of Defendant's telephone numbers.

32. On or about February 24, 2020, Plaintiff called Defendant at 888-878-7973.

33. During the above-referenced call:

    a. Plaintiff first spoke to Defendant's collector who identified himself as Dale Thomas;

    b. Plaintiff disputed the validity of the alleged debt;

    c. Mr. Thomas threatened Plaintiff with a lawsuit and garnishment if Plaintiff did not pay the alleged debt;

    d. Mr. Thomas transferred Plaintiff to Defendant's collector who identified herself as Nicole Morgan; and

    e. Ms. Morgan also threatened Plaintiff with a lawsuit and garnishment if Plaintiff did not pay the alleged debt.

34. Plaintiff also received a collection letter from Defendant dated February 25, 2020, signed by Marilyn Allen.

35. There have been no payments or other transactions with regard to the alleged debt since

2011.

36. The applicable statute of limitations to bring legal action to collect on the alleged debt is, at most, six (6) years.

37. The statute of limitations has long passed for bringing legal action against Plaintiff to collect on the alleged debt.

38. In its communications with Plaintiff regarding the alleged debt:

    a. Defendant attempted to collect a time-barred debt from Plaintiff without disclosing that the Defendant could not sue Plaintiff to collect on the alleged debt;

    b. Defendant attempted to collect a time-barred debt from Plaintiff without disclosing that a partial payment on the alleged debt would revive/reset the statute of limitations; and

    c. Defendant attempted to collect a time-barred debt from Plaintiff without disclosing that a promise to pay the alleged debt would revive/reset the statute of limitations.

39. Not only did Defendant fail to make such disclosures, Plaintiff brazenly threatened an illegal lawsuit against Plaintiff.

40. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

41. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

42. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

43. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

44. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant attempted to collect a debt from Plaintiff with coercive tactics by making illegal and empty threats to Plaintiff about suing Plaintiff;

   b. Defendant violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's voicemail messages failed to disclose that the calls were from Accredited Management Solutions, LLC;

   c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

   d. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character and legal status of any debt when Defendant made empty and unlawful threats of legal action against Plaintiff;

   e. Defendant further violated § 1692e(2)(A) of the FDCPA when Defendant attempted to collect from Plaintiff a time-barred debt without making certain required disclosures;

   f. Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the

    debt collector or creditor intends to take such action when Defendant threatened an Plaintiff with an unlawful garnishment;

g. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant made threats of legal action which it cannot legally take or did not intend to take when Defendant made empty and unlawful threats of legal action against Plaintiff;

h. Defendant further violated § 1692e(5) of the FDCPA when Defendant attempted to collect from Plaintiff a time-barred debt without making certain required disclosures;

i. Defendant violated § 1692e(7) of the FDCPA its false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when it made references to "federal law" in the voicemail messages it left for Plaintiff;

j. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

k. Defendant further violated § 1692e(10) of the FDCPA when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to engage in unlawful collection tactics with impunity;

l. Defendant violated § 1692e(11) of the FDCPA when Defendant left Plaintiff voicemail messages that did not state that the communications were an attempt to collect a debt;

m. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral

dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant engaged in all of the foregoing misconduct;

n. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant ignored Plaintiff's oral dispute of the alleged debt and engaged in all of the foregoing misconduct; and

o. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, SHARON SHIBATA, respectfully requests judgment be entered against Defendant, ACCREDITED MANAGEMENT SOLUTIONS, LLC, for the following:

45. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

46. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

47. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE
## COLORADO FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff repeats and realleges paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

49. Defendant violated the CFDCPA based on the following:

a. Defendant violated § 15-16-106(1) of the CFDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection

with the collection of an alleged debt when Defendant attempted to collect a debt from Plaintiff with coercive tactics by making illegal and empty threats to Plaintiff about suing Plaintiff;

b. Defendant violated § 5-16-107(1) of the CFDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 5-16-107(1);

c. Defendant violated § 5-16-107(1)(b)(I) of the CFDCPA by its false representation of the character and legal status of any debt when Defendant made empty and unlawful threats of legal action against Plaintiff;

d. Defendant further violated § 5-16-107(1)(b)(I) of the CFDCPA when Defendant attempted to collect from Plaintiff a time-barred debt without making certain required disclosures;

e. Defendant violated § 5-16-107(1)(d) of the CFDPA by its representation or implication that nonpayment of any debt will result the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant threatened an Plaintiff with an unlawful garnishment;

f. Defendant violated § 5-16-107(1)(e) of the CFDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant made threats of legal action which it cannot legally take or did not intend to take when Defendant made empty and unlawful threats of legal action against Plaintiff;

 g. Defendant further violated § 5-16-107(1)(e) of the CFDCPA when Defendant attempted to collect from Plaintiff a time-barred debt without making certain required disclosures;

 h. Defendant violated § 5-16-107(1)(k) of the CFDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

 i. Defendant further violated § 5-16-107(1)(k) of the CFDCPA when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to engage in unlawful collection tactics with impunity;

 j. Defendant violated § 5-16-107(1)(l) of the CFDCPA when Defendant left Plaintiff voicemail messages that did not state that the communications were an attempt to collect a debt;

 k. Defendant violated § 5-16-109(1) of the CFDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant engaged in all of the foregoing misconduct; and

 l. Defendant violated § 5-16-108(1) of the CFDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, SHARON SHIBATA, respectfully requests judgment be entered against ACCREDITED MANAGEMENT SOLUTIONS, LLC, for the following:

50. Statutory damages of $1,000.00 pursuant to the Colorado Fair Debt Collection Practices Act, COL. STATS. § 5-16-113(b);

51. Costs and reasonable attorneys' fees pursuant to the Colorado Fair Debt Collection Practices Act, COL. STATS. § 5-16-113(c); and

52. Any other relief that this Honorable Court deems appropriate.

Date:  April 24, 2020

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ James J. Parr
James J. Parr
IL State Bar #: 6317921
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
Attorneys for Plaintiff