IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01156-PAB-KLM

SHARON SHIBATA,

    Plaintiff,

v.

ACCREDITED MANAGEMENT SOLUTIONS, LLC,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment [Docket No. 18].  The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

### I. BACKGROUND

This case involves allegations of harassment in an attempt to collect a debt from plaintiff.  Docket No. 1 at 5, ¶¶ 39-43.  Because of the Clerk of Court's entry of default against defendant, Docket No. 16, the allegations in plaintiff's complaint, Docket No. 1, are deemed admitted.  *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

Plaintiff had a debt on which payments had not been made since 2011.  Docket No. 1 at 4-5, ¶¶ 35.  Sometime in February 2020, defendant contacted plaintiff on her personal cell phone regarding her debt.  *See id.* at 3, ¶ 28.  Defendant left several voicemails for plaintiff.  *Id.* at 3-4, ¶ 30.  However, in these voicemails and phone calls, defendant did not disclose to plaintiff that the person who was calling was part of Accredited Management Solutions, LLC, the defendant, and that the calls were made to

collect on a debt. *See id.* at 4, ¶ 31. Additionally, defendant threatened legal action against plaintiff. *Id.* On February 24, 2020, plaintiff called defendant and disputed the validity of the debt. *Id.*, ¶¶ 32-33. Agents for defendant threatened to sue plaintiff and garnish her property if she did not pay. *Id.*, ¶ 33. During plaintiff's conversations with defendant or its agents, defendant did not disclose that a partial payment or a promise to pay the debt could revive applicable statutes of limitations for recovering the debt. *Id.* at 5, ¶ 38.

Plaintiff filed this lawsuit on April 24, 2020 asserting claims under the Fair Debt Collection Practices Act and the Colorado Fair Debt Collection Practices Act. Docket No. 1 at 6-8. After defendant failed to respond to the complaint or otherwise appear in the action, plaintiff moved for entry of default. Docket No. 15. The Clerk of the Court entered default against defendant on August 14, 2020. Docket No. 16. On September 14, 2020, plaintiff filed a motion for default judgment against defendant. Docket No. 18.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the

Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect plaintiffs against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688 (4th ed. 2021). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* at 63. Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550

3

U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

## III. ANALYSIS

### A. Jurisdiction

Before addressing the merits of plaintiff's motion for default judgment, the Court must determine whether it has subject matter over the case and personal jurisdiction over defendant. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case"). The Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff asserts claims under a federal statute and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1441. Additionally, because defendant does business in Colorado and attempted to collect a debt from a Colorado resident, the Court has personal jurisdiction over defendant.

### B. Fair Debt Collection Practices Act

#### *1. Default Judgment*

To enter default judgment against defendant on plaintiff's claim under the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"), the Court must find that defendant, based on the material allegations in the complaint, violated the FDCPA. To do so, plaintiff's allegations must demonstrate that "(1) [s]he is a 'consumer' . . . ; (2) the debt arises out of a transaction entered into primarily for personal, family, or household purposes . . . ; (3) [d]efendant is a 'debt collector' . . . ;and (4) [d]efendant, through its acts or omissions, violated a provision of the FDCPA." *See Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1073 (D. Colo. 2015).

As to the first factor, a consumer is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Plaintiff alleges that she is a person who allegedly owes a debt on an automobile loan deficiency balance and therefore meets the first factor. *See* Docket No. 1 at 2-3, ¶¶ 7, 25. Regarding the second, plaintiff alleges that the debt was for "personal, family, or household purposes," thus meeting the second element. *Id.* at 3, ¶¶ 25-26. The third factor, whether defendant is a debt collector, is also met. A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiff alleges that defendant is a "collection agency" whose business includes "collecting on unpaid, outstanding account balances," and whose principal purpose is "the collection of debts allegedly owed to third parties." *See* Docket No. 1 at 2-3, ¶¶ 17, 19-21. Accordingly, defendant is a debt collector within the meaning of the statute. The first three factors are therefore satisfied. *See Villanueva*, 77 F. Supp. 3d

at 1073.

Plaintiff alleges various violations of the FDCPA. Specifically, plaintiff alleges that defendant violated § 1692d, § 1692e, §1692f, and § 1692g. *See* Docket No. 1 at 6-8, ¶ 44. First, § 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *See* § 1692d. That section lists two examples that are applicable here: (1) "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" and (2) "placement of telephone calls without meaningful disclosure of the caller's identity." *See id.*, §§ 1692d(5)-(6). Plaintiff alleges that defendant made several phone calls to plaintiff, left several voicemails, and failed to disclose its identity. *See* Docket No. 1 at 3-4, ¶¶ 28-31. Accordingly, plaintiff has sufficiently alleged that defendant violated ¶1692d and is entitled to default judgment on that claim.

Second, §1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* § 1692e. Plaintiff alleges that, in defendant's voicemails and phonecalls, defendant failed to disclose that the calls were made to collect a debt, defendant "threatened [p]laintiff with a lawsuit and garnishment," and threatened to sue on a time-barred debt. *See* Docket No. 1. at 4-5, ¶¶ 31, 33, 38. Plaintiff asserts that defendant violated several provisions of § 1692e. *See id.* at 6-7, ¶ 44. The Court finds that three of the non-exclusive provisions are most applicable: subsection 4, which prohibits the

"representation or implication that nonpayment of any debt will result in the . . . garnishment . . . of any property or wages"; subsection 5, which prohibits threatening action that cannot legally be taken; and subsection 11, which prohibits the failure to disclose in an oral communication "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." *See* § 1692e(4)-(5), (11). Plaintiff's allegation that defendant failed to disclose the purpose of the calls and the threat of garnishment violate subsections 4 and 11. *See id.* Additionally, because plaintiff's alleged debt arises from an automobile loan on which payments have not been made since 2011, the FDCPA's statute of limitations has passed and therefore defendant had no legal right to collect on the debt, plaintiff has sufficiently alleged a violation of subsection five. *See Pirera v. Sullivan Kline Grp., LLC*, No. 18-cv-01477-PAB-KMT, 2019 WL 4201500, at *3 (D. Colo. Sept. 5, 2019) (finding that the statute of limitations in Colorado to recover a debt is six years and the "threat of litigation" for a "time-barred debt" violates the FDCPA). Therefore, plaintiff is entitled to default judgment on her §1692e claim.

Third, plaintiff asserts that defendant violated § 1692g. Specifically, plaintiff argues that defendant violated subsections (a)(3) and (b) when defendant ignored plaintiff's oral dispute of the validity of the debt. *See* Docket No. 18 at 5, ¶¶ 7j, 7k. However, plaintiff's complaint does not adequately plead that defendant violated either of these sections. Subsection (a)(3) states that, "[w]ithin five days after the initial communication with a consumer," a debt collector shall, in writing, provide a notice that states that the consumer must dispute the validity of the debt in writing within thirty days. *See* §1692g(a)(3). Plaintiff's complaint contains no allegations regarding when

7

defendant's communications began, so the complaint does not adequately plead that the notice, which was dated February 25, 2020, was not sent within five days of the initial communication. *See generally* Docket No. 1 at 1-5. Additionally, plaintiff's complaint contains no allegations regarding the contents of that written notice to know whether defendant failed to provide adequate information regarding disputing the validity of the debt. As to subsection (b), that subsection requires that a consumer "notifes the debt collector in writing within the thirty-day period described in subsection (a)." *See* § 1692g(b); *see also Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 758 n.9 ("Congress distinguished between FDCPA protections that may be triggered orally . . . and those that may only be invoked in writing[,] [] such as those in Section[] . . . (b)."). However, plaintiff only alleges that she disputed the debt orally. *See* Docket No. 1 at 8, ¶ 44n (asserting that defendant violated subsection (b) when "[d]efendant ignored [p]laintiff's oral dispute of the alleged debt"). Accordingly, plaintiff has failed to demonstrate that she is entitled to default judgment on either of her § 1692(g) claims.

Finally, plaintiff alleges that defendant's actions in totality violate § 1692f. That section prohibits the "unfair or unconscionable means to collect or attempt to collect any debt." *See* § 1692f. The Court finds that plaintiff has failed to allege a violation of § 1692f. The actions singled out in the statute, although not exhaustive, are not of the same kind as the conduct alleged here. For example, subsection one prohibits the collection of a debt unless that amount is authorized by agreement, subsection three prohibits the use of a postdated check for purpose of threatening criminal prosecution, and subsection five forbids using collect calls to conceal the purposes of the communication. *See* 1692f(1), (3), (5). Here, however, plaintiff alleges that defendant

8

failed to disclose information, harassed her, and threatened legal action. Plaintiff does not allege that any unauthorized charges were made, an illegal use of a postdated check or payment, or concealment using collect calls. While plaintiff's allegations do demonstrate violations of the FDCPA, plaintiff provides no support for the proposition that §1692f is a catch-all provision that bundles all violative behavior into one category. *See Dennis v. Aldous & Assocs., PLLC*, No. 19-cv-01990-REB-SKC, 2020 WL 1905042, at *4 (D. Colo. Apr. 17, 2020) (finding that harassing phone calls do not demonstrate violations of §1692f); *see Georgopulous v. PPM Cap., Inc.*, No. 19-cv-00347-DDD-STV, 2019 WL 6065617, at *6 (D. Colo. Oct. 21, 2019) (dismissing §1692f claim when the basis for the claim was duplicative of other FDCPA violations). As a result, plaintiff is not entitled to default judgment on her §1692f claim.

### *2. Statutory Damages*

The FDCPA provides for statutory damages in the Court's discretion not to exceed $1,000. *See* 15 U.S.C. § 1692k(a)(2)(A). Courts are to consider the defendant's conduct, such as "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *Id.*, § 1692k(b)(1). In isolated, non-threatening, and unintentional cases, courts have denied statutory damages. *See Pirera*, 2019 WL 4201500, at *3. In contrast, when multiple violations of the FDCPA have occurred, the collections were misleading, or threatened improper legal action, courts have award the full $1,000. Here, the Court finds it appropriate to award statutory damages, however not for the statutory maximum. While defendant's conduct was intentional and

repeated, maximum statutory damages "should be reserved for egregious violations of the FDCPA, for example, cases where the defendant repeatedly uses abusive language, improperly threatens legal action or the use of self-help, or aggressively intrudes on a consumer's home, place of employment, or [peace] of mind." *See Lassiter v. Integrity Sol. Servs., Inc.*, No. 14-cv-00268-PAB-MJW, 2014 WL 1977216, at *2 (D. Colo. May 15, 2014) (citation omitted). Although plaintiff alleges that defendant left several voicemails and threatened legal action, this is not a case of the most egregious violation of the FDCPA. As a result, the Court finds that an award of $700 in statutory damages is appropriate.

### C.  Colorado Fair Debt Collection Practices Act

Plaintiff also seeks default judgment under the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 5-16-101 *et seq.*, ("CFDCPA"). *See* Docket No. 18 at 8. The FDCPA and the CFDCPA share the same remedial goal "of protecting consumers against debt collection practices that take advantage of . . . persons who receive a debt collection communication." *See Peterson-Hooks v. First Integral Recovery, LLC*, No. 12-cv-01019-PAB-BNB, 2013 WL 2295449, at *5 (D. Colo. May 24, 2013) (citation omitted). The FDCPA does not preempt the CFDCPA. *See id.* However, a plaintiff may not "recover damages under the CFDCPA if they recover for 'like provisions' under the FDCPA." *See Georgopulous*, 2019 WL 6065617, at *7 (alterations omitted) (citing Colo. Rev. Stat. § 5-16-113(7)). A like provision is "an overlapping or equivalent provision contained in both statutes." *Peterson-Hooks*, 2013 WL 2295449, at *5. Plaintiff's various claims under the CFDCPA mirror plaintiff's claims

under the FDCPA, both in the facts underlying them and the conduct that the CFDCPA prohibits.  *See, e.g.*, Colo. Rev. Stat. § 5-16-106(a) (prohibiting conduct that has the consequence of harassing, oppressing, or abusing any person in collection of a debt). Accordingly, plaintiff's allegations that defendant harassed her, made false representations regarding garnishment, and threatened of legal action violate CFDCPA § 5-16-106 and § 107 for the same reasons those actions violated FDCPA § 1692d and § 1692e.  Similarly, plaintiff has failed to demonstrate violations of § 108 and § 109, which mirror FDCPA § 1692f and § 1692g, for the same reasons plaintiff failed to demonstrate violations of the FDCPA under those similar provisions.  Accordingly, plaintiff is entitled to default judgment on her CFDCPA claims under § 106 and § 107. However, because plaintiff already recovered damages under the FDCPA, she cannot also be awarded damages under the like provisions of the CFDCPA.  *See Georgopulous*, 2019 WL 6065617, at *7-8.

### D.  Attorney's Fees

The FDCPA states that, "in the case of any successful action" under the statute, a plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  The Court has determined that plaintiff has established violations of the FDCPA and, as a result, plaintiff is entitled to the costs of the action and reasonable attorney's fees.  Plaintiff seeks $574.35 for costs and $3,758.50 for attorney's fees.  *See* Docket No. 18 at 8.

Plaintiff's affidavit states that one attorney and one paralegal worked on plaintiff's case and that the attorney's fees are reasonable and appropriate based on the level of

experience. *See* Docket No. 18 at 1-4. Plaintiff also attaches an exhibit detailing the attorney, date, hourly rate, and nature of the work associated with plaintiff's claims. *See* Docket No. 18-4. Plaintiff's fees total $3,758.50. *See* Docket No. 18 at 8. The Court has reviewed the time entries and finds that the time spent was reasonably necessary and that the hourly rates reasonably relate to the prevailing rates in Denver, Colorado. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

## IV. CONCLUSION

It is therefore

**ORDERED** that Plaintiff's Motion for Default Judgment [Docket No. 18] is **GRANTED**. It is further

**ORDERED** that defendant Accredited Management Solutions, LLC shall pay $700 in statutory damages pursuant to 15 U.S.C. § 1692k. It is further

**ORDERED** that defendant Accredited Management Solutions, LLC shall pay plaintiff's attorney's fees in the amount of $3,758. It is further

**ORDERED** that defendant Accredited Management Solutions, LLC shall pay plaintiff's costs in the amount of $574.35. It is further

**ORDERED** that this case is closed.

DATED September 21, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge